IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STUDS TERKEL, et al., | ) | |
| | ) | |
|         Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 06 C 2837 |
| | ) | |
| AT&T INC., et al., | ) | |
| | ) | |
|         Defendants. | ) | |
| ------------------------------------------------------------ | ) | |
| | ) | |
| STEVEN SCHWARZ, et al., | ) | |
| | ) | |
|         Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 06 C 2680 |
| | ) | |
| AT&T CORP., et al., | ) | |
| | ) | |
|        Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiffs in these cases have sued AT&T Inc. and various of its affiliates to challenge the defendants' alleged release of information about its subscribers' domestic telephone conversations to the National Security Agency. The plaintiffs in the *Terkel* case, which was filed on May 22, 2006, challenge the release of records and information regarding customers and calls; they seek to represent a class of Illinois-resident plaintiffs and request only declaratory and injunctive relief. The plaintiffs in the *Schwarz* case, which was filed on May 15, 2006, challenge the alleged release of that same information, as well as the alleged subjecting of particular calls to surveillance of their contents; they seek damages in addition to declaratory and

injunctive relief.

The defendants have moved to stay all proceedings in the cases pending a final decision by the Judicial Panel on Multidistrict Litigation in Case No. MDL 1791 on a motion filed by Verizon Communications Inc. on May 24, 2006 seeking transfer of these cases, as well as approximately eighteen others filed in various federal district courts, to a single district court for coordinated pretrial proceedings. The United States, which claims an interest in these cases and the others filed in other districts, has filed a statement in support of the defendants' motion. The plaintiffs oppose entry of a stay. The plaintiffs in the *Terkel* case have moved for entry of a preliminary injunction and seek to conduct limited document discovery in anticipation of a hearing on that motion.

For the reasons stated below, the Court denies the defendants' motion to stay.

## Discussion

A court has the inherent discretionary power to control the disposition of cases on its docket "with economy of time and effort for itself, for counsel, and for the litigants," *Landis v. North American Co.,* 299 U.S. 249, 254 (1936), and this includes the power to stay a case. *Stone v. INS,* 514 U.S. 386, 411 (1995). The pendency before the JPML of a motion to transfer under 28 U.S.C. § 1407 does not, however, automatically entitle a party to a stay of a case as to which transfer is sought. As stated in the letter this Court (and others with similar cases) received from the Chairman of the JPML, this Court's "jurisdiction continues until any transfer ruling by the Panel becomes effective." Letter from JPML dated 5/30/06. The letter stated that a court with a case subject to the motion to transfer is free to rule on the motion or wait until the Panel decides the transfer issue. *Id.*

2

In deciding whether to grant a stay based on the pendency of a motion to transfer before the JPML, courts consider whether judicial economy favors a stay; the potential prejudice to the non-moving party if the case is stayed; and any hardship or inequity to the moving party if the case is not stayed. *See, e.g., Bd. of Tr. of Teachers' Ret. Sys. of State of Ill. v. Worldcom, Inc.,* 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002); *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Judicial economy favors a stay to some extent, though not to the degree claimed by the defendants or the government. The defendants and the government argued in their written submissions and in oral argument that because of significant overlap between this case and the others that have been filed around the country, it would be more efficient and economical for all concerned to have the cases dealt with by a single judge. But as the plaintiffs have pointed out, neither the defendants nor the government have moved to stay the one similar case that appears to have proceeded farther than this one, *Hepting v. AT&T Corp.,* No. C-06-0672-VRW (N.D. Cal.). The justification they offered at oral argument for that non-action – that the *Hepting* case had proceeded further along by the time the motion to transfer was filed with the JPML – runs contrary to their claim that judicial economy favors a stay. According to the defendants, motions to dismiss that are pending in *Hepting,* which present a number of the very issues the defendants and the government say are common to all the cases, are currently being briefed and will be argued before the court in that case on June 22, 2006. That argument will be held well over a month before the earliest date that defendants say the JPML might consider the motion to transfer, and thus there is a good chance that the judge in *Hepting* will decide those motions before transfer occurs. There is no guarantee that the JPML will, if it decides to order transfer,

3

consolidate the cases before the judge presiding over the *Hepting* case (indeed, defendants say that Verizon, the party that has moved for transfer, has suggested the District Court for the District of Columbia as a transferee forum). Thus the defendants and the government appear to be willing to have more than one judge decide the allegedly common or overlapping issues. This strongly suggests that the goal of economy does not favor transfer to the extent argued by the defendants and the government.[1]

We also note that the overlap between these cases and the *Hepting* case, the one case that has proceeded further than this one to any significant extent, is anything but complete. Specifically, the *Terkel* plaintiffs – the only plaintiffs in the cases before this Court who are seeking a preliminary injunction – challenge only the disclosure of records, not the interception of communications. This may well affect the particulars of the "state secrets" privilege that the government tends to interpose as a basis for dismissal in this case and that it has already interposed as a basis for dismissal in *Hepting*. Government counsel advised the Court at oral argument that the specifics of how the state secrets privilege is claimed and how it applies depends on the allegations made in the particular case in which application is sought. Because the *Hepting* plaintiffs are challenging more and different types of alleged disclosures than the *Terkel* plaintiffs, there may be significant differences in how the state secrets privilege is claimed and how it applies. In short, though the cases overlap, they are not identical.

The plaintiffs in the *Terkel* case argue that they will be significantly prejudiced if the case

---

[1] The defendants also advised the Court that they have obtained, by agreement with the plaintiffs in several of the cases, relatively generous extensions of time and that as a result they will not be required to file responsive pleadings or motions in those cases before the JPML's expected date for considering the motion to transfer.

is stayed. As noted earlier, they seek only declaratory and injunctive relief, not damages. The *Terkel* plaintiffs contend that information in which they have a significant statutory privacy interest has been and is still being disclosed. They contend that the harm they suffer on an ongoing basis is irreparable and that a preliminary injunction is necessary to prevent further injury from occurring. Though the Court is not in a position at this point to assess the merits of the case, the claim of ongoing irreparable harm, if the *Terkel* plaintiffs' allegations are shown to be true, is a serious one. The defendants have advised the Court that the earliest the JPML will consider the motion to transfer is at the Panel's session on July 28, 2006. As the defendants' counsel advised the Court, however, there is no guarantee that it will be decided then (plaintiffs' counsel advised that at least some parties will oppose transfer, which conceivably might delay resolution of the issue). In the interim, the harm claimed by the plaintiffs will continue.

The Court agrees with the defendants and the government that they will suffer some degree hardship if the case proceeds. But for the reasons discussed earlier – specifically, their failure to seek a stay in the *Hepting* case – it is difficult to accept at face value their contention that this is a compelling reason for a stay. Aside from the *Hepting* case (in which briefing on the motions to dismiss is nearly complete), this case, and one case in the Western District of Texas in which a similar request for a stay was denied, at least in part, there is no basis at present to believe that the defendants or the government will actually be called upon to litigate the case in a significant multiplicity of forums. As noted earlier, the defendants have obtained agreed-upon extensions of time to respond to the complaints in many, and perhaps most, of the other cases. In addition, as noted earlier, the *Terkel* case differs from many or most of the other cases in that the only claim is for declaratory and injunctive relief. The plaintiffs' counsel reported at oral

5

argument, without contradiction, that there is no pending motion for preliminary injunction in any of the other cases that is directed to the particular issues raised in the preliminary injunction motion filed in the *Terkel* case.

Having considered the necessary factors, the Court concludes that the potential prejudice to the plaintiffs that would result from a stay outweighs the interests of judicial economy and the potential for hardship to the defendants and the government that would accompany denial of a stay. The Court therefore denies the motion for a stay.

## Conclusion

For the reasons stated above, the Court denies defendant's motion for a stay (Case No. 06 C 2680, docket no. 18; Case No. 06 C 2837, docket no. 19). Defendants' motion for leave to file supplemental authority is granted (Case No. 06 C 2680, docket no. 21; Case No. 06 C 2837, docket no. 27). The Court intends to proceed to consideration of motions to dismiss in both the *Terkel* and *Schwarz* cases and to schedule, for a date to follow ruling on those motions, briefing and argument on the *Terkel* plaintiffs' motion for a preliminary injunction.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 9, 2006

6